UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

In re:                                                              Case No. 17-77757-reg

        Sabrina Dobbs,
                                      Chapter 13
                Debtor.
--------------------------------------------------------X

**Memorandum Decision Denying Motion Objecting to Claim**

      Sabrina Dobbs (the "Debtor") filed a motion ("Motion") objecting to the proof of claim filed by Wells Fargo Bank, N.A., which holds a junior mortgage lien on the Debtor's residence ("Residence"). The Debtor appears to argue that Wells Fargo failed to perfect its mortgage lien under applicable state law, and as a result, the Debtor may permanently avoid the mortgage lien, reclassify the claim as unsecured and satisfy the claim by paying Wells Fargo a percentage of its total claim under a Chapter 13 plan. Wells Fargo has filed an objection to the Motion. However, neither the Debtor in its Motion nor Wells Fargo in its objection have adequately addressed the threshold issue of whether the Bankruptcy Code permits a Chapter 13 debtor to avoid a secured mortgage lien. In addition, the Debtor has failed to demonstrate how avoidance of the mortgage lien under the facts of this case will result in a personal benefit to the Debtor.

      For the reasons set forth below, the Motion is denied. Regardless of whether the mortgage lien of Wells Fargo is perfected, the Debtor cannot utilize the claims objection process to avoid a secured mortgage lien that is otherwise enforceable under applicable law. Furthermore, the Bankruptcy Code does not grant to a Chapter 13 debtor the authority to bring a lien avoidance action under 11 U.S.C. § 544. This is a critical point because section 544 would

be the proper vehicle to avoid the secured lien of Wells Fargo.  The plain language of this statute

confers this right solely on trustees in Chapter 13 cases, and the vast majority of cases

interpreting this section find that only Chapter 13 trustees may avail themselves of this provision.

While a Chapter 13 debtor has a limited right to bring an avoidance action under § 522(h) of the

Bankruptcy Code if the trustee refuses, this provision is applicable so long as the transfer or

granting of the mortgage lien was not voluntary and the debtor did not conceal the property

transferred.  In this case, the Debtor voluntarily granted the mortgage lien to Wells Fargo

therefore the Debtor cannot utilize this provision.  Even if the Chapter 13 trustee in this case

brought an avoidance action against Wells Fargo and was successful, the Debtor could not claim

a homestead exemption in proceeds from the sale of the Residence because § 522(g) of the

Bankruptcy Code contains the same restrictions as set forth in § 522(h) of the Bankruptcy Code.

Because the Debtor voluntarily granted the mortgage lien to Wells Fargo, the Debtor cannot

assert her claimed homestead exemption to recover any of the proceeds of a sale of the

Residence.

### *Procedural History*

On December 15, 2017 (the "Petition Date"), the Debtor filed a petition for relief under

Chapter 13 of the Bankruptcy Code.  On January 16, 2018, Wells Fargo filed a proof of claim in

this case.  On February 27, 2018, the Debtor filed the Motion.  On April 2, 2018, Wells Fargo

filed an objection to the Motion.  On April 8, 2018, the Debtor filed a reply. A hearing on the

Motion was held on April 9, 2018 and adjourned several times to October 17, 2018. On October

17, 2018 the Motion was adjourned to November 28, 2018.   On October 24, 2018, the Debtor

filed an amended plan ("Amended Plan").  On November 28, 2018, the Debtor filed a letter by

Stephen W. Hammell, Esq. in further support of the Motion and a supplemental reply, and the Debtor and Wells Fargo agreed to rest on their oral arguments and the papers submitted.

### *Facts*

According to the Debtor's schedules, the Residence is valued at $485,000. The Debtor claims to hold a one/half interest in the Residence, but also describes her interest as one in "fee simple." [1] The Residence is encumbered by a first mortgage held by CIT, and the Debtor's husband, Jay Webster, is listed in the schedules as a co-debtor on the mortgage debt owed to CIT. On Schedule D, CIT is listed as the first mortgagee, and is owed $152,000 as of the Petition Date. On Schedule F, Wells Fargo is listed as an unsecured creditor with a debt in the amount of $220,000. There are no other unsecured creditors listed on Schedule F. On Schedule C, the Debtor claimed a homestead exemption in the amount of $165,550 pursuant to N.Y. CPLR §5206(a). Wells Fargo filed the only proof of claim in this case, in the secured amount of $402,017.63. Attached to the proof of claim is a copy of the note and mortgage, both dated January 27, 2005, and both listing the Debtor as the sole borrower and mortgagor. On January 29, 2018, the Debtor filed a Chapter 13 plan which provided for 100% payment to the unsecured creditors over 60 months, and the Debtor pledged to pay $468.56 per month from her disposable income to fund the plan. The Chapter 13 plan was later amended to reflect that the Debtor proposes to make 60 monthly payments of $670.61, and to pay unsecured creditors not less than

---

[1] The Debtor's description of her ownership interest in the Residence is inherently inconsistent. The record reflects that the Debtor is the sole owner of the Residence, and there is no co-owner. Jay Webster has a prior filing (16-70004-reg) in which CIT filed a proof of claim. The note and mortgage annexed to CIT's proof of claim reflects that the debt is solely the obligation of Jay Webster, and it was incurred in 1994, before the Debtor owned the Residence. Pursuant to a deed dated July 20, 1999, Jay Webster transferred the Residence to the Debtor in its entirety. Ex. B to Opposition by Wells Fargo to Motion [dkt. 35].

7% of their allowed claims. The Amended Plan also contains a provision that the Debtor will move to reclassify the claim of Wells Fargo from secured to unsecured.

By the Motion, the Debtor seeks to avoid the mortgage of Wells Fargo under § § 1322(b) and 502(b)(1) of the Bankruptcy Code and Fed. R. Bankr. P. 4003(d).  The basis of the Debtor's objection is that the legal description of the Residence annexed to the mortgage is incorrect. Therefore, the Debtor reasons that the claim of Wells Fargo is unsecured as it is not validly perfected against the Residence.  Because the mortgage lien of Wells Fargo is unperfected, the Debtor asserts that the claim of Wells Fargo should be reclassified as "unsecured" under § 502 of the Bankruptcy Code.  In addition, the Debtor relies on § 506(a) of the Bankruptcy Code to establish that the secured claim of Wells Fargo "cannot be allowed."  Because the claim is not an allowed, secured claim, the second mortgage lien is null and void.  As a result, Wells Fargo's claim is unsecured.

Wells Fargo objects to the Motion on the basis that errors in the legal description of the Residence annexed to the mortgage were due to a scrivener's error, and that the legal description otherwise properly identifies the Residence. The recorded mortgage is correctly indexed against the proper section, block and lot, and references the deed which contains the correct description. In addition, in the foreclosure action commenced by Wells Fargo prepetition, on November 9, 2015, an order of reference was granted reforming the legal description by substituting the correct legal description of the Residence. In response, the Debtor claims that the new description contained in the order of reference is also incorrect and the order of reference is insufficient because it contains vague language.  Even if the order of reference did correct the errors, it was never recorded, which is a requirement under New York law, according to the Debtor. The Debtor concludes in her reply papers that because Wells Fargo does not have a

validly perfected mortgage lien on the Residence, the Debtor may utilize Bankruptcy Code § 544(a)(3) to "defeat" the lien.

### *Discussion*

1) Debtor's Legal Interest in the Residence

In order to analyze the Motion, the relevant facts must be determined.  First, the Debtor describes her ownership interest in the Residence as a one-half interest, as well as a fee simple interest, which terms are inherently contradictory.  The deed annexed to the objection filed by Wells Fargo states that in 1999, Jay Webster, the Debtor's husband, transferred the Residence to the Debtor.  Therefore, unless a subsequent transfer took place, the Debtor is the 100% owner of the Residence.  The Debtor values the Residence at $485,000, which valuation is not challenged by Wells Fargo.  The Residence is encumbered by a first mortgage granted by Jay Webster to CIT when he was the sole owner of the Residence, and as of the Petition Date, CIT is owed $152,000.  After subtracting the amount due to CIT, there remains approximately $333,000. If the second mortgage of Wells Fargo in the stated amount of $402,017.63 is taken into consideration, there would be no equity remaining to account for the Debtor's claimed homestead exemption if the Residence were sold at the present value.

2) Treatment of Claims Secured by Liens on Property of the Estate

At various times, the Debtor alleges that the secured claim of Wells Fargo is "null and void" because the mortgage lien is unperfected, and also alleges that the Debtor has the ability to "avoid" the lien under § 544 of the Bankruptcy Code.  Even if the Court were to assume that the

mortgage lien of Wells Fargo is unperfected[2], the Debtor's assertion that the lien of Wells Fargo

is therefore void or subject to avoidance by the Debtor is incorrect as a matter of law.

The Debtor first attempts to utilize the claims objection process to remove the mortgage

lien of Wells Fargo.   However, a review of the operative statute, § 502(b), reveals that the

claims objection process cannot accomplish this task.  Section 502(b) provides that a filed claim

shall be "allowed" except to the extent as follows:

> (1) such claim is unenforceable against the debtor and property of the debtor, under any
>     agreement or applicable law for a reason other than because such claim is contingent or
>     unmatured.

11 U.S.C. § 502(b).

An example of an "unenforceable" claim would be a mortgage obligation that has already been

satisfied or that is prohibited by law based on a legal determination of a court of competent

jurisdiction.  However, "an objection based upon failure to perfect does not extinguish the lien…

The lien remains enforceable against the debtor."  *In re Ramsey*, 356 B.R. 217, 225 (Bankr. D.

Kan. 2008). Section 502 cannot be used to "avoid" a lien against property of a debtor for the

reason that the claims objection process does not affect valid liens against property of the debtor:

> '[N]either an objection to the allowance of a claim nor the determination of
> secured status question the existence of the underlying lien securing the
> claim.  Rather, they both assume that the lien is otherwise valid and enforceable.
> The resulting impact upon the lien is purely incidental to the issues concerning
>  the amount due the creditor and the value of the creditor's interest in property
> of the estate.'

*In re Vankell*, 311 B.R. at 213 (quoting *In re Beard*, 112 B.R. 951, 955 (Bankr. N.D. Ind. 1990)).

The Debtor readily admits that she granted a mortgage lien to Wells Fargo and is not using the

---

[2] The Court is not determining whether the mortgage lien of Wells Fargo is unperfected but assumes this is the
case for the purposes of this Memorandum Decision.

claims objection process to determine that the lien is invalid.  Rather, she seeks to have the valid mortgage lien removed on the basis that it was not perfected.

The Debtor also invokes § 506(a) and (d) of the Bankruptcy Code as a tool to disallow the secured claim of Wells Fargo. However, the Debtor misunderstands critical aspects of this section.

Section 506 states in pertinent parts as follows:

> (a)  (1) An allowed claim of a creditor secured by a lien on property in which the estate has an interest. . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property… and is an unsecured claim to the extent that the value of such creditor's interest . . .  is less than the amount of such allowed claim.

> (d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless –

>> (1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or

>> (2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

11 U.S.C.  § 506(d).

The Supreme Court has recognized that §506(d) does not act, either alone or with other subsections of § 506, as a lien avoidance statute.  *Dewsnup v. Timm* (*In re Dewsnup*), 502 U.S. 410, 776, 777 (1992).  Section 506(a) merely identifies the extent to which a claim is secured by the value of the collateral in question.  Section 506(d) addresses the treatment of claims which are already disallowed.  Neither subsection affects the existence of the underlying lien securing the claim in a Chapter 13 case.  *In re Vankell*, 311 B.R. 205, 213 (Bankr. E.D. Tenn. 2004).  The Debtor also points to § 1322(b) as a basis for reclassifying the claim of Wells Fargo as unsecured.  While a Chapter 13 debtor may seek to bifurcate a claim into secured and unsecured

claims based on the value of the collateral securing the claim, this right is limited.  Section 1322(b) bars Chapter 13 debtors from modifying the rights of holders of claims secured only by their principal residence.  The Supreme Court has elaborated on this section in *Nobelman v. American Savings Bank* (*In re Nobelman*), 508 U.S. 324 (1993), clarifying that a debtor cannot affect undersecured mortgages under this section.  In *Nobelman*, the Supreme Court held that § 1322(b)(2) prohibits a Chapter 13 debtor from using § 506 to reduce an undersecured homestead mortgage to the value of the property.  In this case, the homestead mortgage of Wells Fargo is fully secured by the value of the Residence, and therefore § 1322(b)(2) cannot be used to remove the mortgage lien held by Wells Fargo.

### 3. Section 544 of the Bankruptcy Code

In order to accomplish her goals, the Debtor also cites to § 544 of the Bankruptcy Code.

Section 544(a) provides in relevant part:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by –
> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(3).

The Debtor does not address whether she has the requisite standing to exercise the avoidance powers described above.  The Bankruptcy Code outlines specific rights and powers granted to Chapter 13 debtors in Section 1303 as follows:

> Subject to any limitations on a trustee under this chapter, the debtor shall have, exclusive of the trustee, the rights and powers of a trustee under sections 363(b), 363(d), 363(e), 363(f), and 363(l), of this title.

11 U.S.C. § 1301.

Absent from these enumerated powers are the avoidance powers set forth in § 544. Despite the fact that Chapter 13 debtors have not been granted this express right, courts are divided regarding whether Chapter 13 debtors have this authority, either inherently or conferred upon them by the Chapter 13 trustee. Judge Hardin in *In re Binghi*, 299 B.R. 300 (Bankr. SDNY 2003) summarized the state of jurisprudence on this issue, which remains relatively unchanged. First, the Second Circuit has not taken a position on this issue. Under the minority position, a comment in the legislative history of section 1301 that this provision "does not imply that the debtor does not also possess other powers concurrently with the trustee" has given some courts the basis to find that Chapter 13 debtors have the authority to bring avoidance actions. 124 Cong Rec. H. 11106 (daily ed. Sept 28, 1978) (remarks of Rep. Edwards); S17423 (daily ed. Oct 6, 1978) (remarks of Sen. De Concini). See *Russo v. Ciavarella (In re Ciavarella)*, 28 B.R. 823 (Bankr. S.D.N.Y. 1983); *Federal Nat'l Mortgage Assoc. v. Fitzgerald (In re Fitzgerald)*, 237 B.R. 252, 263 (Bankr. D. Conn. 1999); and *Freeman v. Eli Lilly Federal Credit Union (In re Freeman)*, 72 B.R. 850 (Bankr. E.D. Va. 1987).

The majority of courts have concluded that a Chapter 13 debtor does not have standing to utilize the avoidance powers set forth in § 544, relying on the Supreme Court's statutory analysis in *Hartford Underwriters Ins. Co. v. Union Planters Bank*, 530 U.S. 1 (2000). In *Hartford Underwriters*, the Supreme Court held that § 506(c) does not grant administrative claimants the right to seek payment of their claims from property encumbered by a secured creditor's lien because the statute does not include administrative claimants. As the Supreme Court explained, "Congress says in a statute what it means and means in a statute what it says there… [W]hen the

statute's language is plain, the sole function of the courts – at least where the disposition required

by the text is not absurd – is to enforce it according to its terms." *Id*. at 6. In so doing, the

Supreme Court refused to side with the administrative claimant's argument that "the expression

of one thing indicates the inclusion of others unless exclusion is made explicit," finding that the

argument was contrary to common sense and usage. *Id*. at 7.  The majority of cases agree that §

544 does not apply to Chapter 13 debtors under the same analysis. *See Knapper v. Bankers Trust

Co. (In re Knapper)*, 407 F.3d 573, 583 (3d Cir. 2005); *Hansen v. Green Tree Servicing LLC (In

re Hansen)*, 332 B.R. 8, 16 (10th Cir. BAP 2005); *In re Binghi*, 299 B.R. at 306; *In re Scott*, 572

B.R. 492, 514 (Bankr. S.D.N.Y. 2017), and cases cited therein.

      This Court agrees with the majority and concludes that the plain language of the statute

itself precludes consideration of floor comments in order to broaden its application.  As such, the

Debtor cannot utilize the strong-arm powers set forth in § 544 and must look to other Bankruptcy

Code provisions to accomplish her goal.[3]

      While the Debtor does not cite to any other provision to help her cause, § 522(h) provides

limited authority for Chapter 13 debtors to avoid transfers, as follows:

> (h) The debtor may avoid a transfer of property of the debtor . . . to the extent
>  that the debtor could have exempted such property under subsection (g)(1) of
> this section if the trustee had avoided such transfer, if –
>
>> (1) such transfer is avoidable by the trustee under section 544, 545,
>>     547, 548, 549 or 724(a) of this title or recoverable by the trustee under section
>>     553 of this title; and
>> (2) the trustee does not attempt to avoid such transfer.

---

[3] Even if the Chapter 13 Trustee were to bring an action under § 544 to avoid Wells Fargo's junior mortgage lien, the Chapter 13 Trustee would step into the shoes of Wells Fargo, and the value of the avoided lien would be preserved for the benefit of the estate. *In re Ramsey*, 356 B.R. at 227. Because the Chapter 13 Trustee does not have the authority to sell the Debtor's real property the Debtor's only choice is to retain the Residence and "purchase" the property and pay into the plan the value of the lien, or the Chapter 13 Trustee may seek an upward modification of plan payments to reflect the increase in the debtor's disposable income. Id.  Neither scenario results in the Debtor realizing the value of the avoided lien for her personal benefit.

11 U.S.C. § 522(h).

Section 522(g) further limits the debtor's avoidance powers by precluding such avoidance if the debtor could not claim an exemption in the transferred property.  Under this subsection, a debtor's right to claim an exemption in transferred property is precluded if the transfer was voluntary or the debtor concealed the property which was transferred.   In this case, the Debtor voluntarily granted the mortgage lien to Wells Fargo, so she has no statutory right to seek to avoid the lien under § 522(h).

### *Conclusion*

For the reasons set forth in this Memorandum Decision, the Motion is denied.  The Court shall enter an order consistent with this Memorandum Decision.



**Dated: Central Islip, New York**
**January 7, 2019**

**Robert E. Grossman**
**United States Bankruptcy Judge**